## DUEBER WATCH-CASE MANUF'G CO. *v.* FAHYS WATCH-CASE CO.

(*Circuit Court, E. D. New York.* March, 1891.)

LETTERS PATENT—INFRINGEMENT—TITLE OF PATENT.

A suit for infringement of letters patent cannot be maintained where it appears that the complainant has not the legal title to any of the patents, but has merely the defendant's contract to convey them; and complainant's position is not strengthened by a decree in his favor in another suit brought to compel a conveyance of the patents by the defendant, or by the fact that the conveyance had been executed and delivered to the clerk in escrow, which decree and conveyance were both suspended by appeal and *supersedeas.*

In Equity.

*Edward T. Oldham,* for orator.
*Edmund Wetmore,* for defendant.

WHEELER, J. This suit is brought for infringement of patents 329,-284, 329,285, 348,620, and 355,114, granted to Allan C. Dalzell for improvements concerning watch-crowns. For title the bill alleges that Dalzell made these inventions while in the employ of the orator; that he obtained the patents at the expense of, and under a contract to assign them to, the orator; that he made assignments and licenses to, and entered the employ of, the defendant; that the orator has got a decree in the circuit-court of the United States for the southern district of New York (38 Fed. Rep. 597) for an assignment by them of the patents to the orator; and that an assignment has been made pursuant to the decree. The defendant has pleaded an appeal from, and a *supersedeas* of, this decree, and that the assignment is held in escrow by the clerk of that court pending the appeal. This plea has now been argued. The orator insists, perhaps correctly, that the pendency of the former suit is no bar to this. It does not, however, appear to be relied upon as such. The point of the plea seems to be that without the decree the orator does not show sufficient title to the patents for maintaining a suit for an infringement of them, and that the appeal and *supersedeas* vacate the decree. Without the decree the orator has none of the patents; it has merely a contract for them with Dalzell, which may be enforced in equity. This suit is not brought to enforce it, and, as Dalzell is not a party, it cannot be enforced here. This suit is brought upon the patents, not to obtain them. The decree is essential to the orator's case. Without its force, the case fails. That an appeal and *supersedeas* stop the effect and operation of a decree is elementary. *U. S.* v. *Addison,* 22 How. 174; *Jerome* v. *McCarter,* 21 Wall. 17; *Railroad Co.* v. *Schutte,* 100 U. S. 644; *Draper* v. *Davis,* 102 U. S. 370; *Sharon* v. *Hill,* 26 Fed. Rep. 337. The operative part of the decree in respect to title was that the defendant and Dalzell by proper assignment in writing should convey the patents to the orator. It would take effect from delivery. It was made and delivered to the clerk in escrow, and the appeal stopped further delivery. The orator is not entitled to it yet, and has taken no title by it. The plea exactly meets this point of the bill, and appears for these reasons to be good.

Plea allowed.